IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**JONATHAN SULLIVAN**                                                                 **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 1:25-cv-00177-TBM-RPM**

**HARRISON COUNTY ADC**                                                        **DEFENDANT**

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court *sua sponte* on *pro se* Plaintiff Jonathan Sullivan's failure to

comply with Court Orders. When he filed his Complaint, Plaintiff was an inmate housed at the

Harrison County Adult Detention Center in Gulfport, Mississippi. [1], p. 1. His claims arise under

42 U.S.C. § 1983, and he names Harrison County ADC as Defendant. [1], p. 1.

Plaintiff has moved for leave to proceed *in forma pauperis*, but his application is incomplete.

[2], pp. 1-3. On June 6, 2025, the Court ordered Plaintiff as follows:

> [O]n or before July 7, 2025, plaintiff shall either pay the required $350.00 . . . filing
> fee plus a $55.00 . . . administrative fee or file a complete application for leave to
> proceed *in forma pauperis*, including the section entitled 'Certificate to Be
> Completed by Authorized Officer' of prison accounts or file an affidavit specifically
> stating the name of the prison official contacted concerning the Certificate and why
> this information is not provided to this court.

[3], p. 1 (emphasis omitted). Plaintiff was warned "that his failure to comply with the requirements

of this order may lead to the dismissal of his complaint." [3], p. 1 (emphasis omitted). That Order

[3] was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as

undeliverable. [5], p. 1. Plaintiff did not comply with the Court's Order [3] by the July 7 deadline.

On July 14, 2025, the Court ordered Plaintiff to show cause why this case should not be

dismissed for his failure to comply with the Court's Order. [6], p. 1. Plaintiff's responsive deadline

was extended to July 28, 2025, and he was warned again "[t]hat failure advise the Court of a change

of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [6], p. 2. The Order to Show Cause [6], with a copy of the Court's June 6 Order [3], was mailed to Plaintiff at his last-known mailing address, and it was returned to the Court as undeliverable in an envelope marked, "released." [7], p. 1. Plaintiff did not comply with the Court's Order to Show Cause [6] by the July 28 deadline.

On August 8, 2025, the Court entered a Second and Final Order to Show Cause [8], directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [6] [3]." [8], p. 2. Plaintiff was ordered to file a written response on or before August 22, 2025. [8], p. 2. Plaintiff was also ordered, on or before the August 22 deadline, to comply with the Court's June 6 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." [6], p. 2. Plaintiff was warned again "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." [8], p. 2 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [6] [3]." [8], p. 2. The Second and Final Order to Show Cause [8], with a copy of the Court's June 6 Order [3] and July 14 Order [6], was mailed to Plaintiff at his last-known mailing address, and it was not returned to the Court as undeliverable.

Plaintiff has not complied with the Second and Final Order to Show Cause [8], and he has not communicated with the Court about his lawsuit since June 6, 2025—the day he filed his Complaint. This inaction is despite being warned four times that a failure to comply with the Court's orders may lead to the dismissal of his case. *See* [1-1], p. 1; [3], p. 2; [6], p. 2; [8], p. 2.

The Court may dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b) and the Court's "'inherent power' . . . to manage [its] own affairs." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962); *see also McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). "The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases." *Fauzi v. Royal Hospitality Services, LLC*, No. 1:14-cv-83-HSO-RHW, 2016 WL 3166581, at *2 (S.D. Miss. Jun. 6, 2016) (citing *Link*, 370 U.S. at 630). "Such a 'sanction is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars' of the Court." *Id.* (quoting *Link*, 370 U.S. at 630-31). In this case, lesser sanctions than dismissal have not prompted "diligent prosecution" but have instead "proved to be futile." *See Tello v. Comm'r of Internal Revenue*, 410 F.3d 743, 744 (5th Cir. 2005) (quoting *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992)).

Since Plaintiff has failed to comply with three Court Orders [8] [6] [3], the Court finds that this case should be dismissed without prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and for failing to respond to a Court order.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this matter is **DISMISSED WITHOUT PREJUDICE**.

**THIS, the 23rd day of September, 2025.**

**TAYLOR B. McNEEL**
**UNITED STATES DISTRICT JUDGE**